SILER, Circuit Judge,
concurring in part and dissenting in part.
The issues raised on appeal are narrow. For that reason, I concur with the majori *415 ty opinion in Sections II.A. and II.C., but I respectfully dissent as to Section II.B. Bar’s Products, Inc. (“Bars”) does not challenge as inadmissible the testimony of Bars Products International’s (“BPI”) damages expert. Bars also does not assert on appeal—or preserve through its renewed motion for judgment as a matter of law—any prejudicial deficiency in the jury instructions on unfair competition.[1] Instead, Bars cabins its appeal to whether the evidence overlaps between BPI’s counterclaims of breach of contract and unfair competition. I would affirm the denial of judgment as a matter of law because the trial record contained evidence differentiating those two counterclaims. Under our standard of review, the majority goes too far to suggest that reasonable minds could not separate the evidence presented at trial.
Reversing a district court’s denial of a renewed motion for judgment as a matter of law requires a showing that “viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party.” Balsley v. LFP, Inc., 691 F.3d 747, 757 (6th Cir. 2012) (citation omitted). “[W]e may not weigh the evidence, question the credibility of witnesses, or substitute our own judgment for that of the jury.” Smith v. Rock-Tenn Servs., Inc., 813 F.3d 298, 306 (6th Cir. 2016) (citation omitted).
The majority is correct that a plaintiff suffering damages from unfair competition can recover only for the “loss actually sustained by plaintiff as the direct and natural consequence of [defendant’s unfair] acts.” Liberty Oil Corp, v. Crowley, Milner & Co., 270 Mich. 187, 258 N.W. 241, 244 (1935). But this court has also cited Liberty Oil for the proposition that only “some evidence” of “measured damages or loss of profits” is required. Socony-Vacuum Oil Co. v. Rosen, 108 F.2d 632, 636-37 (6th Cir. 1940) (applying Liberty Oil). Although Socony-Vacuum declined to address what measure of evidence is sufficient to ascertain an exact damages amount, it nonetheless affirmed the judgment in the trial court because record evidence was present. Id.) see also Skimin v. Fuelgas Co., 339 Mich. 523, 64 N.W.2d 666, 669 (1954) (“The fact that damages cannot be measured easily or with mathematical certainty or absolute accuracy is no ground for denying them.” (citation omitted)).
The trial record demonstrates that the jury heard evidence from fact witnesses and experts about deceptive conduct and losses attributable to such conduct. Among other things, the BPI’s expert testified that his damages models assumed “liability is found” and parsed “which sales attributed to the breach.” The expert provided various calculations depending on the legal theory asserted, accounting for product similarity and'dissimilarity when including and excluding units. BPI’s counsel during oral argument characterized the damages between the counterclaims as “cumulative,” although not “apportioned.” Still, *416 rather than concede that the expert failed to distinguish between the counterclaims, as the majority contends, BPI’s counsel stated that the jury “had ample information to segregate the damages from breach of contract and the damages from unfair competition.”
Bars fails to persuade that the record compels the singular conclusion that more particularized evidence is required to prove unfair competition. Neither Bars nor the majority cites case law requiring a separate jury argument on damages for each cause of action, as opposed to one lump sum request. See Pa. R.R. Co. v. McKinley, 288 F.2d 262, 267 (6th Cir. 1961) (declining to adopt a “procedural blueprint” for arguments about damages). And even if such case law was extant in some form, Bars did not preserve the argument that the jury was improperly instructed on how to calculate damages. On a verdict form with separate line items for each cause of action, the jury was asked, “State the amount of damages, if any, that you find were caused by Plaintiff Bars competing unfairly with Defendants.” The district court reminded the jury that “[bjreach of contract does not constitute unfair competition,” and that any consideration of unfair competition should be resolved “separately from a breach of contract between the parties.” During deliberations, the juiy took the instructions in earnest by requesting a' calculator and copies of expert trial exhibits. Considering a request of $2,815,062 in damages—in addition to future damages of $8,327,433—the jury awarded $974,849 in view of evidence presented at trial, none of which Bars argues on appeal was inadmissible.
The jury’s verdict on unfair competition should not be disturbed. The trial court concluded as much: “The Court finds that the jury’s damages award are within the range of evidence presented at trial in light of testimony presented by BPI’s fact and expert witnesses.” Bar’s Prods. v. Bar’s Prods. Int’l, No. 10-14321, 2015 WL 5697593, at *4, 2015 U.S. Dist. LEXIS 130660, at *11 (E.D. Mich. Sept. 29, 2015). On the record before us and standard of review to which we must adhere, we should not reverse that conclusion. For these reasons, I respectfully dissent in part and would affirm the district court’s denial of judgment as a matter of law on Bars’s counterclaim for unfair competition.

. Bars admitted at oral argument that it did not object to the jury instructions, suggesting that its motion practice preserved its legal theories. Our law is clear that Bars’s conduct amounts to waiver. See, e.g., Clarksville-Montgomery Cnty. School Sys. v. U.S. Gypsum Co., 925 F.2d 993, 1006 (6th Cir. 1991) ("We first note that Clarksville’s failure to object to a specific charge before and after the jury charge is given constitutes waiver of the objection.” (citation omitted)); Fed. R. Civ. P. 51(c)(1) ("A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection.”).